CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRYAN LYN WILBOURN,<br>    Petitioner, | Civil Action No. 7:09CV00487 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR,<br>VIRGINIA DEPARTMENT OF<br>CORRECTIONS,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Bryan Lyn Wilbourn, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Wilbourn challenges the validity of his conviction in the Circuit Court for the County of Fluvanna. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## Background

Wilbourn was indicted by a grand jury in the County of Fluvanna on February 27, 2006. In the indictment, Wilbourn was charged with one count of unlawfully and feloniously selling or distributing cocaine on February 17, 2005, in violation of Virginia Code § 18.2-248.

A jury trial was held on May 19, 2006. The jury ultimately found Wilbourn guilty of the offense charged. In accordance with the jury's verdict, the Circuit Court sentenced Wilbourn to a term of imprisonment of seven years.

Wilbourn appealed his conviction to the Court of Appeals of Virginia, arguing that the evidence was insufficient to support his conviction. On March 28, 2007, a single judge of the Court of Appeals denied Wilbourn's petition for appeal. That decision was subsequently upheld

by a three-judge panel. Wilbourn then filed a petition for appeal in the Supreme Court of Virginia. The petition for appeal was refused on December 11, 2007, and his petition for rehearing was denied on March 6, 2008.

On February 27, 2009, Wilbourn filed a petition for writ of habeas corpus in the Circuit Court for the County of Fluvanna. By order entered August 7, 2009, the petition was dismissed by the Circuit Court. Wilbourn appealed the dismissal of the petition to the Supreme Court of Virginia, and on November 10, 2009, the petition for appeal was refused for failure to comply with the requirements of Rule 5:17(c) of the Rules of the Supreme Court of Virginia.

Wilbourn filed the instant petition on November 21, 2009. The petition asserts the following claims:

> A. Petitioner was denied his right to a fair trial by an impartial jury free from outside influences, because one of the jurors:
>
>> 1. failed to inform the court during voir dire that he knew the petitioner;
>>
>> 2. failed to inform the court during voir dire that he knew Dwayne Washington, the Commonwealth's confidential informant and witness;
>>
>> 3. failed to tell the court that he had a "blood relative" who had "pending drug crimes in the Circuit Court of Fluvanna"; and
>>
>> 4. was prejudiced against the petitioner and told his "close blood relative" before the jury found the petitioner guilty that "they [the jury] were going to burn petitioner's ass up."
>
> B. Petitioner was denied effective assistance of counsel when counsel failed to argue that the chain of custody for the drugs was not proven.
>
> C. Petitioner was denied effective assistance when counsel failed to argue that Dwayne Washington, the confidential informant, had contact with the petitioner the day before the controlled purchase was made.
>
> D. Petitioner was denied effective assistance because counsel failed to point out contradictions in Dwayne Washington's testimony during closing argument.

2

E. Petitioner was denied effective assistance because counsel failed to subpoena phone records that would have impeached Dwayne Washington's testimony at trial.

F. Petitioner was denied effective assistance of counsel when counsel failed to argue that a circumstantial evidence instruction should have been given at trial.

G. The trial court abused its discretion when it stated during the charge conference that the case was not a circumstantial case.

H. The evidence was insufficient to support the petitioner's conviction.

I. Petitioner was denied effective assistance because counsel failed to question Officer Ragland about the three days in which he held the drugs before sending them to the state laboratory.

J. Petitioner was denied due process because the police held the drugs for three days before sending them to the state laboratory.

K. Petitioner was denied effective assistance because counsel failed to argue at sentencing that the drug transaction was an accommodation.

L. Petitioner was denied effective assistance when counsel failed to move to suppress an audio recording of the transaction on the basis that the recording was a copy and not the original.

M. Petitioner's right to confront witnesses was violated by Virginia Code §§ 19.2-187 and 19.2-187.1.

N. Petitioner was denied effective assistance of counsel when counsel waived petitioner's right to confrontation under the Sixth Amendment without informing petitioner of the waiver.

On January 27, 2010, the respondent moved to dismiss the petition for writ of habeas corpus. Wilbourn filed a response to the motion on February 4, 2010. The matter is now ripe for review.

## Standard of Review

Under 28 U.S.C. § 2254(b), a federal petitioner challenging a state court conviction or sentence must generally exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). When a claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Pursuant to § 2254(d), this court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-732 (1991)). A procedurally defaulted claim is barred from federal habeas review absent a showing of cause and prejudice or actual innocence by the petitioner. Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999).

## Discussion

Having reviewed the record in this case, the court concludes that the doctrine of procedural default forecloses this court's review of all of Wilbourn's claims except claim H, in which he challenges the sufficiency of the evidence. Thus, the court will first address that claim.

I. <u>Claim H</u>

In claim H, Wilbourn contends that the evidence was insufficient to support his conviction for distributing cocaine. Wilbourn raised the same claim on direct appeal. Upon reviewing the record, the Court of Appeals held that the "[t]he Commonwealth's evidence was competent, was not inherently credible, and was sufficient to prove beyond a reasonable doubt that [Wilbourn] was guilty of distributing cocaine."[1] (March 28, 2007 Op. at 2). For the following reasons, the court concludes that the Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). The court does not weigh the evidence or consider the credibility of witnesses. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

Applying these principles, the court concludes that any rational trier of fact could have found that Wilbourn distributed cocaine to Dwayne Washington on February 17, 2005. The evidence at trial revealed that Washington began working as a confidential informant for the Fluvanna County Sheriff's Office in January of 2005, after Washington was arrested on drug

---

[1] Wilbourn's direct appeal to the Supreme Court of Virginia was refused without explanation. Consequently, the court must review the Court of Appeals' decision, since it was the last reasoned opinion on this claim. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 805 (1991).

charges. On February 17, 2005, Washington agreed to make a controlled purchase from Wilbourn. After being searched and fitted with a recording device, Washington went to Wilbourn's residence on Oliver Creek Road in Fluvanna County, where he proceeded to purchase cocaine from Wilbourn. Washington identified Wilbourn at trial, and an audio recording of the events that occurred in Wilbourn's residence was played for the jury.

The jury also heard testimony from David Ragland and Roy A. Brewster, Jr., the two investigators who were assigned to the case. Investigator Ragland testified that he searched Washington and Washington's vehicle before the controlled purchase was made, and that the investigators followed Washington to Oliver Creek Road, where they waited approximately one-half mile from Wilbourn's residence.[2] Less than thirty minutes after Washington left to make the controlled purchase, the investigators met him at a designated location, where they searched Washington again and retrieved the evidence that he had purchased from Wilbourn.

Ragland further testified that the evidence was sealed in a bag; initialed by himself, Brewster, and Washington; and kept in Ragland's sole possession until he sent it to the forensic laboratory in Richmond, Virginia. Laboratory testing revealed that the bag contained 1.5 grams of crack cocaine. When the evidence bag was returned to the Sheriff's Office, Investigator Brewster placed it in an evidence locker, where it was retrieved by Deputy Jesse Dibble and stored in a locked evidence room until the time of trial. During trial, the evidence bag was identified by Washington, Ragland, Brewster, and Dibble.

---

[2] Ragland explained that individuals in the neighborhood knew him and Brewster, and that the investigators did not want to take the risk of being spotted.

When viewed in the light most favorable to the Commonwealth, the court concludes that the evidence is clearly sufficient to support Wilbourn's conviction. While Wilbourn contends that the government failed to establish a continuous chain of custody for the cocaine introduced into evidence at trial, Wilbourn's argument is without merit. "[C]hain of custody is not an iron-clad requirement," and a "missing link" in the chain is not fatal "so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995) (internal citation and quotation marks omitted). Considering the evidence in Wilbourn's case -- including the unequivocal testimony from Washington and the investigating officers -- the court concludes that any rational trier of fact could have found that Wilbourn distributed cocaine to Washington on February 17, 2005, and that the cocaine introduced into evidence was indeed the same substance obtained from Wilbourn. Accordingly, claim H must be dismissed.

II. Remaining Claims

Wilbourn previously raised claims A through G, and claims I through L, in the state habeas petition filed in the Circuit Court for the County of Fluvanna, and each of the claims was dismissed on the merits by the Circuit Court. Wilbourn then presented the same claims in his petition for appeal to the Supreme Court of Virginia, as well as two new claims premised on the United States Supreme Court's recent decision in Melendez-Diaz v. Massachusetts, ___ U.S. ___, 129 S. Ct. 2527 (2009) (claims M and N in the instant petition). The Supreme Court dismissed the petition in its entirety for failure to comply with Rule 5:17(c) of the Rules of the Supreme Court of Virginia. Rule 5:17(c) requires a petition for appeal to list, "[u]nder a separate

heading entitled 'Assignments of Error,' . . . the specific errors in the rulings below upon which the appellant intends to rely."

As the respondent explains in his motion to dismiss, the United States Court of Appeals for the Fourth Circuit has previously held that Rule 5:17(c) constitutes an independent and adequate state law ground that precludes federal habeas review. See Mueller v. Angelone, 181 F.3d 557, 585 (4th Cir. 1999). Consequently, Wilbourn's remaining claims are procedurally defaulted and may not be reviewed by this court absent a showing of cause and prejudice or actual innocence. Roach, 176 F.3d at 221.

In his response to the procedural default issue, Wilbourn first argues that his petition for appeal to the Supreme Court of Virginia did list assignments of error, and thus, that the Supreme Court erred in dismissing the petition under Rule 5:17(c). This argument, however, is not cognizable on federal habeas review. "A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).

Wilbourn also asserts, in a conclusory fashion, that "he is innocent of the charge to which he was convicted," and thus, that "a fundamental miscarriage of justice has occurred." (Pet.'s Br. in Opp. at page 4). However, in order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, a petitioner "must offer 'new reliable evidence . . . that was not presented at trial,'" and "'show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). Applying this standard,

Wilbourn has clearly failed to demonstrate actual innocence, since he has not presented any new evidence to support his conclusory assertion.

As a final argument, Wilbourn contends that this court should, at a minimum, review claims M and N, since the United States Supreme Court decision on which those claims are based -- Melendez Diaz v. Massachusetts, ___ U.S. ___, 129 S. Ct. 2527 (2009) -- was not decided until June 25, 2009, and thus, that the legal basis for the claims was not reasonably available until after his state habeas petition was filed.[3] To the extent that Wilbourn maintains that the Supreme Court of Virginia erred in ruling that these claims were procedurally barred, such argument is, as previously explained, simply not cognizable on federal habeas review. See Barnes v. Thompson, supra. Moreover, even if claims M and N were not procedurally defaulted, Wilbourn would not be entitled to habeas relief, since the rule set forth in Melendez-Diaz "does not apply retroactively to cases on collateral review." Newsome v. Superintendent, 2010 U.S. Dist. LEXIS 14061, at *9 (N.D. Ind. Feb. 17, 2010) (citing Teague v. Lane, 489 U.S. 288 (1989); see also Carillo v. United States, 2009 U.S. Dist. LEXIS 112966, at *6 n.1 (N.D. Ill. Dec. 3, 2009) ("But even if Melendez-Diaz were applicable to this case, it would not apply retroactively."); Larkin v. Yates, No. CV09-2034, 2009 U.S. Dist. LEXIS 60106, at *2 (C.D. Cal. Jul. 9, 2009) ("[A]ssuming without deciding that Melendez-Diaz announced a new rule of law

---

[3] Melendez-Diaz was decided while Wilbourn's habeas petition was pending before the Circuit Court. In that case, the United States Supreme Court held that the defendant's rights under the Confrontation Clause of the Sixth Amendment were violated when the state introduced a certificate of analysis showing that a substance found in his car tested positive for cocaine, without giving the defendant an opportunity to cross-examine the individual who prepared the certificate. Melendez-Diaz, 129 S. Ct. at 2530; see also Grant v. Commonwealth, 682 S.E.2d 84 (Va. Ct. App. 2009) (applying Melendez-Diaz to hold that the attestation clause on a certificate of breath analysis was testimonial in nature and that its admission in the face of a proper objection, without providing an opportunity for cross-examination of the attestor, constituted a violation of the Confrontation Clause).

. . . petitioner would not be entitled to the benefit of such a new rule."). Accordingly, for the foregoing reasons, all of Wilbourn's claims must be dismissed.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 5th day of March, 2010

_____
United States District Judge